**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KARA J. KING,**

                        **Plaintiff,**              1:12-cv-1686
                                                         (GLS)

                            v.

**COMMISSIONER OF SOCIAL SECURITY,**

                        **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of Peter M. Margolius<br>7 Howard Street<br>Catskill, NY 12414 | PETER M. MARGOLIUS, ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261 | ANDREEA L. LECHLEITNER<br>Special Assistant U.S. Attorney |
| Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Kara J. King challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering King's arguments, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## II. Background

On November 14 and November 21, 2006, King filed applications for DIB and SSI, respectively, under the Social Security Act ("the Act"), alleging disability since November 2, 2006. (Tr.[1] at 32-33, 331-41.) After her applications were denied, (*id.* at 34-39), King requested a hearing before an Administrative Law Judge (ALJ), which was held on January 20, 2009, (*id.* at 15-31). On March 3, 2009, the ALJ issued an unfavorable decision denying the requested benefits. (*Id.* at 5-14.) After the Appeals Council's subsequent denial of review, King commenced an action in Federal District Court and, on consent of the parties, the matter was

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

remanded for further administrative proceedings.  (*Id.* at 1-3, 239-40.)  Thereafter, the Appeals Council remanded the case for a new hearing, which was conducted on August 9, 2011.  (*Id.* at 186-210, 242-45.)  On August 26, 2011, the ALJ again issued a decision denying benefits, which became the Commissioner's final determination upon the Appeals Council's denial of review.  (*Id.* at 160-62, 172-85.)

King commenced the present action by filing her complaint on November 15, 2012 wherein she sought review of the Commissioner's determination.  (Compl.)  The Commissioner filed an answer and a certified copy of the administrative transcript.  (Dkt. Nos. 7, 8.)  Each party, seeking judgment on the pleadings, filed a brief.  (Dkt. Nos. 10, 11.)

### III.  **Contentions**

King contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence.  (Dkt. No. 10 at 5-7.)  Specifically, King claims that the ALJ erred in finding that the testimony of a vocational expert (VE) did not conflict with the information contained in the Dictionary of Occupational Titles (DOT).  (*Id.*)  The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence.  (Dkt. No. 11 at 6-15.)

3

**IV. Facts**

The court adopts the parties' undisputed factual recitations. (Dkt. No. 10 at 1-4; Dkt. No. 11 at 1-2.)

**V. Standard of Review**

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[2] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

**VI. Discussion**

In her only argument, King asserts that the ALJ committed reversible error at step five of the disability analysis by finding that there is other work existing in the national economy which she could perform. (Dkt. No. 10 at 5-7.) In support of her assertion, King contends that the testimony of the VE was in conflict with the information contained in the DOT and, thus, the

---

[2] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims. As review under both sections is identical, parallel citations to the Regulations governing SSI are omitted.

ALJ erred in relying on such testimony. (*Id.*) The Commissioner counters that there is no significant inconsistency between the DOT and the VE's testimony, and the VE provided a reasonable explanation for the apparent conflict. (Dkt. No. 11 at 6-11.)

In making his ultimate disability determination, the ALJ must consider whether the claimant can do any other, less demanding work existing in the national economy. *See* 20 C.F.R. §§ 404.1520(g), 404.1560(c); *accord White v. Sec'y of Health and Human Servs.*, 910 F.2d 64, 65 (2d Cir. 1990). To make such a determination, an ALJ may rely on the Medical-Vocational Guidelines, referred to as "the grids," found in 20 C.F.R. pt. 404, subpt. P, app. 2, as long as the claimant's age, education, work experience, and residual functional capacity (RFC)[3] coincide with the criteria of a rule contained in those Guidelines. *See* 20 C.F.R. § 404.1569; *see also Calabrese v. Astrue*, 358 F. App'x 274, 275 n.1 (2d Cir. 2009). However, "if a claimant's nonexertional impairments 'significantly limit the range of work permitted by h[er] exertional limitations' then the grids

---

[3] A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

obviously will not accurately determine disability status because they fail to take into account claimant's nonexertional impairments." *Bapp v. Bowen*, 802 F.2d 601, 605 (2d Cir. 1986) (quoting *Blacknall v. Heckler*, 721 F.2d 1179, 1181 (9th Cir. 1983)).  In that case, the ALJ should consult with a VE before making a determination as to disability.  *See id.*  Social Security Ruling 00-4p sets forth that the "[o]ccupational evidence provided by a VE . . . generally should be consistent with the occupational information supplied by the DOT."  SSR 00-4p, 65 Fed. Reg. 75,759, 75,760 (Dec. 4, 2000).  In the event of a conflict between the two, "the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled."  *Id.*

Here, at the administrative hearing, a VE testified that a claimant of King's age, education, and work background, who could perform a limited range of sedentary work, including understanding, remembering and carrying out simple instructions and directions, making work judgments on simple work-related decisions, and working "at the low end of the stress continuum," could perform the work of an information clerk or a telephone solicitor.  (Tr. at 200-01, 204-05.)  King argues that this testimony was in

6

conflict with the DOT which classifies an information clerk at specific vocational preparation (SVP) level four [4] as well as reasoning level four.[5] *See* Dictionary of Occupational Titles, Code 237.367-022, 1991 WL 672188 (4th ed., 1991). Further, the DOT classifies a telephone solicitor at SVP level three and reasoning level three.[6] *See* Dictionary of Occupational Titles, Code 299.357-014, 1991 WL 672624 (4th ed., 1991). During her cross-examination of the VE, King's counsel inquired about the alleged conflict and the VE explained that, based on her experience, "the demands of the jobs are not great at all," and, further, these jobs are "very easy to do." (Tr. at 206-07.) Specifically, the VE explained that a telephone

---

[4] "[SVP] is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information and develop the facility needed for average performance in a specific job-worker situation." Dictionary of Occupational Titles, app. C, 1991 WL 688702 (4th ed., 1991). An SVP of four means over three months, up to and including six months. *See id.* "Using the skill level definitions in 20 [C.F.R. §§] 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT." SSR 00-4p, 65 Fed. Reg. at 75,760.

[5] A reasoning level of four indicates that an information clerk is able to "[a]pply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists[, and i]nterpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form." Dictionary of Occupational Titles, Code 237.367-022, 1991 WL 672188 (4th ed., 1991).

[6] An SVP of three indicates that a telephone solicitor requires over one month of training, up to and including three months. *See* Dictionary of Occupational Titles, Code 299.357-014, 1991 WL 672624 (4th ed., 1991). In addition, a person with a level three reasoning will have the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form[, and d]eal with problems involving several concrete variables in or from standardized situations." *Id.*

7

solicitor "simply read[s] from a script," and an information clerk has the requisite information in front of her or knowledge of where to get the information. (*Id.* at 207.) At step five, the ALJ concluded that the VE's testimony was consistent with the information contained in the DOT. (*Id.* at 184.) Based on that testimony, the ALJ determined that there are jobs in the national economy that King can perform. (*Id.*)

There appears to be no factual basis for the ALJ's finding that the VE's testimony was consistent with the DOT. *See Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003) ("[E]xpert [testimony] and the [DOT] conflict where they disagree[ ] in categorizing or describing the requirements of a job as it is performed in the national economy."). Although district courts in this Circuit have differed as to whether a reasoning level of three conflicts with a hypothetical limiting the claimant to simple work, *compare Santos v. Astrue*, 709 F. Supp. 2d 207, 212 (S.D.N.Y. 2010) (holding that a VE's testimony that the jobs described were not in conflict with DOT standards was not accurate where the hypothetical individual was limited to "simple one or two step tasks" and "simple instructions," a description commensurate with a DOT reasoning development level of one, and VE described reasoning level two jobs

8

(internal quotation marks and citation omitted)), *with Reynolds v. Comm'r of Soc. Sec.*, No. 1:11-cv-00778, 2012 WL 2050410, at *6 (N.D.N.Y. June 6, 2012) (holding that a limitation to "simple work" does not preclude a job that has a reasoning development level of two or three), there does not appear to be any supporting case law for the proposition that a claimant limited to understanding, remembering and carrying out simple instructions and directions and making work judgments on simple work-related decisions can perform jobs requiring up to a reasoning level of four. (Tr. at 200-01.) Further, here, the ALJ's RFC determination appears to be commensurate with unskilled work, which requires only the ability to understand, remember and carry out simple instructions, and make judgments "that are commensurate with the functions of unskilled work—i.e., simple work-related decisions," but the only two jobs that the VE testified King was capable of performing were semi-skilled work.[7] SSR 96-9p, 61 Fed. Reg. 34,478, 34,483 (July 2, 1996); (Tr. at 204-06.)

---

[7] Semi-skilled work requires "some skills but does not require doing the more complex work duties." 20 CFR § 404.1568(b). Jobs in this category may "require alertness and close attention to watching machine processes; or inspecting, testing or otherwise looking for irregularities; or tending or guarding equipment, property, materials, or persons against loss, damage or injury; or other types of activities which are similarly less complex than skilled work, but more complex than unskilled work." *Id.* Unskilled work, on the other hand, is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time" *Id.* § 404.1568(a). Thus, "little specific vocational preparation and judgment are needed" for unskilled work. *Id.*

The ALJ's failure to explain the apparent conflict between the simple instructions and simple work-related decisions limitation in his hypothetical and the DOT description of the telephone solicitor and information clerk jobs precludes reliance on the VE's opinion that King could do those jobs. *See* Social Security Ruling 00-4p, 65 Fed. Reg. at 75,760-61. Accordingly, the court finds that the Commissioner failed to meet her burden to prove there is work in the economy that King is capable of performing.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 9, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

10